### E. J. Magerstadt et al. v. Abilene National Bank.

1. BILL OF EXCEPTIONS—*Presumption, Where it Fails to Show that it Contains All Evidence Introduced at the Trial.*—When the bill of exceptions fails to show that it contains all the evidence introduced on the trial of a cause, it must be presumed that there was sufficient, proper and legal evidence before the trial court to justify the judgment rendered.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903.

Statement. — Appellee, the Abilene National Bank, brought an action of replevin against the Monarch Refrigerating Company and the sheriff of Cook county for a car load of eggs. Pleas filed are *non cepit, non detinet,* plea of property in Monarch Refrigerating Co. and in J. E. Bremer, and plea of justification by the sheriff. Replication was

Magerstadt v. Abilene Nat. Bank.

filed, jury waived, and case submitted to the court without jury.   Court found issues for the plaintiff and the right to the possession of the property in the plaintiff and assessed damages for the detention thereof in the sum of $114. Judgment thereon was entered.

HERBERT S. DUNCOMBE, attorney for appellants.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

A reversal of the judgment in this case is sought upon the ground that the court erred in the ruling upon the admission of certain evidence and in refusing to mark certain instructions held.

Counsel for appellant complain of the admission in evidence by the court of a paper purporting to be a copy of the bill of lading alleged to have been attached to the original depositions.   It appears that certain depositions once filed in the case had been lost and that an order was entered prior to the trial giving leave to the plaintiff to file a copy in lieu of and as a restoration of said original deposition, and to the said copy of deposition and as a part thereof was attached a copy of the bill of lading.

No objection was made to said order of restoration or the filing of said copy.   The acceptance and the use of this copy of the bill of lading attached as aforesaid to the copy of the original deposition was not error.   Even if, by order of court and without objection on the part of appellants, the copy of the bill of lading had not been substituted for the original, yet under the evidence of this case its introduction in evidence would have been harmless error.

Counsel for appellants further claim that there was not sufficient evidence as to the decrease in the market value of eggs while they were unlawfully detained, to warrant the court in assessing plaintiff's damages.   Mr. Coffeen, the accuracy of whose statement is not contested, attorney for appellee, testifies that he called two or three times upon the

Monarch Refrigerating Company and talked with the manager, whose name he states to be Mr. Espert; that Mr. Espert, or some one in charge of the Monarch Refrigerating Company, stated to him that eggs had declined since the 5th day of May, from $3.90 a case to $3.60 a case, and there was further evidence that the market price of eggs at the time they were disposed of was twelve cents per dozen.

The evidence in the record as to the falling off in price during the detention of the eggs, in the absence of all evidence to the contrary, was entirely sufficient to justify the court in assessing plaintiff's damages. However, if the evidence was insufficient, we would not reverse the judgment on this ground, because the bill of exceptions does not purport to contain all the evidence introduced at the trial, not even all the evidence bearing upon this question.

When the bill of exceptions fails to show that it contains all the evidence introduced on the trial of a cause, it must be presumed that there was sufficient, proper, and legal evidence before the trial court to justify the judgment rendered. Chicago, B. & Q. R. R. Co. v. The People, 139 Ill. 536.

Counsel for appellant assigns as error the ruling of the court in refusing and holding various propositions of law. But as counsel has made no reference in his argument thereto we assume that he has abandoned the same. We have carefully considered the instructions appearing in the record and do not think that any injustice was done the appellants in the rulings of the court upon the propositions of law submitted. The judgment of the Circuit Court must be affirmed.